

FILED

12/20/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0687

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0687

SHANE CLARK JOHNSON,

Petitioner,

v.

TWELFTH JUDICIAL DISTRICT COURT,
HON. KAYDEE SNIPES RUIZ,

Respondent.

FILED

DEC 20 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Shane Clark Johnson has filed a "Motion for Supervisory Control" to petition this Court "to get the District Court to rule on [a] lawsuit against Cindy Kennedy Trant," a court reporter for the Twelfth Judicial District Court, Hill County. We amend the caption to indicate the District Court and presiding Judge. M. R. App. P. 14(6).

We observe that Johnson commenced his lawsuit in 2017. Johnson asserts that he is due $500,000 in damages because the court reporter has ignored his motions and his motion for judgment by default to provide him copies of the transcripts, dating back to 2015 in his underlying criminal case in that court. Johnson includes copies of his pleadings and various orders filed in the District Court.

By way of background, Johnson has had a convoluted history concerning his direct appeals of his 2014 conviction for negligent homicide. His first appeal was dismissed voluntarily and without prejudice upon both parties' motion because the District Court had a pending motion for a new trial. *State v. Johnson*, No. DA 15-0424, Order (Mont. Feb. 29, 2016). In his second appeal, this Court ordered, upon the State's concession, to vacate his criminal judgment and remand for a new trial. *State v. Johnson*, No. DA 17-0033, Order (Mont. Sept. 15, 2020). Presently, Johnson has an appeal of his criminal conviction and sentence, reflected in the court's September 15, 2021 Judgment

after this Court granted his out-of-time appeal and appointed appellate counsel. *State v. Johnson*, No. DA 21-0517. Briefing has not begun.

Supervisory control may be appropriate on a case-by-case basis. "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citing M. R. App. P. 14(3); *Redding v. McCarter*, 2012 MT 144, ¶ 17, 365 Mont. 316, 281 P.3d 189). One of three additional criteria must be met. *Spady*, ¶ 11; M. R. App. P. 14(3)(a)-(c).

Supervisory control is not appropriate here. In Johnson's second appeal with this Court, filed on September 27, 2017, Appellate Defender Chad Wright explains that "the transcripts were ordered by a pro se indigent defendant and approved by the district court for use in the sentencing process, thus any billing needed to be submitted to the Court Administrator's Office." *See* § 3-5-604(5)(b), MCA. The Appellate Defender provided that the Office of Public Defender would pay for any other transcripts. We observe that all of the transcripts concerning Johnson's underlying case are on file with this Court for his instant appeal. Section 3-5-604, MCA. Thus, there is no action in the District Court over which to take control. Johnson's motion for supervisory control is not warranted, and he is not entitled to monetary damages through this writ. Accordingly,

IT IS ORDERED Johnson's Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: Honorable Kaydee Snipes Ruiz, District Court Judge; Cindy Kennedy Trant, Court Reporter; Kathie Vigliotti, Clerk of District Court, Hill County, under Cause No. DV-17-93; Appellate Defender Chad M. Wright; counsel of record; and Shane Clark Johnson personally.

DATED this 20 day of December, 2022.

_____
Chief Justice

2

_____

_____

_____

_____
Justices